Matyas v Spitzer (2025 NY Slip Op 04168)

Matyas v Spitzer

2025 NY Slip Op 04168

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-00098
 (Index No. 536512/22)

[*1]Isaac Matyas, appellant, 
v
Arthur Spitzer, et al., defendants, Fidelity & Guaranty Life Mortgage Trust 2018-1, respondent.

Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title and for related declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 7, 2023. The order granted the motion of the defendant Fidelity & Guaranty Life Mortgage Trust 2018-1 pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In December 2022, the plaintiff commenced this action against the defendant Fidelity & Guaranty Life Mortgage Trust 2018-1 (hereinafter Fidelity), among others. The complaint alleged that the plaintiff's son, the defendant Jacob Matyas (hereinafter Jacob), sought to take out a loan of $90,000 by using the plaintiff's real property as security. It is further alleged that Jacob defrauded the plaintiff by leading him to believe that, in order to obtain the loan, the deed to the subject property needed to be transferred to the defendant 131 Division, LLC (hereinafter the LLC), which was controlled by the defendant Arthur Spitzer. Thereafter, the LLC borrowed $997,500 against the property. The loan was subsequently assigned to Fidelity.
On April 17, 2023, Fidelity moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground, among others, that the complaint failed to state a cause of action against Fidelity (see CPLR 3211[a][7]). In an order dated December 7, 2023, the Supreme Court granted Fidelity's motion. The plaintiff appeals.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), "the court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Saadia v National Socy. of Hebrew Day Schs., Inc., 225 AD3d 806, 808; see Leon v Martinez, 84 NY2d 83, 87-88).
Here, the Supreme Court properly granted Fidelity's motion to dismiss the complaint insofar as asserted against it. The complaint only asserted a cause of action against Fidelity for [*2]conversion, but failed to allege that Fidelity ever had control over the subject loan proceeds.
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court